J. I. KISLAK, INC., a corporation, complainant-respondent,

*v.*

ARLYN W. COFFIN and JOSEPH J. GARIBALDI, defendants-appellants.

[Submitted February 6th, 1940.  Decided June 26th, 1940.]

536

*Messrs. Walscheid & Rosenkranz (Mr. J. Emil Walscheid, of counsel), for the respondent.*

*Messrs. Burke, Sheridan & Hourigan (William F. Burke, of counsel), for the appellants.*

The opinion of the court was delivered by

RAFFERTY, J.

Respondent has for many years past conducted a large real estate business, principally in Hudson and Bergen counties. Appellant Coffin entered the employ of respondent in 1926 as a real estate salesman under a written contract of employ-

ment, wherein the engagement of the parties was set out in detail. Renewal contracts were entered into from time to time until September 30th, 1929, when the contract presently before us was executed. This contract was to run for one year but under its terms was extended for an additional year, expiring September 30th, 1931. On July 10th, 1931, each of the parties notified the other that there would be no further renewal of the contract and on July 27th, 1931, notwithstanding the expiration date thereof had not yet occurred, Coffin quit his employment. Thereafter Coffin continued in the real estate business in Hudson county and especially, since September, 1931, in association with defendant, Garibaldi.

Paragraph 10 of the contract provides:

"It is further expressly agreed that in the event of the termination of this contract or of the employment hereunder for any cause, the party of the second part shall not enter into the real estate brokerage, real estate management, real estate mortgage and/or insurance brokerage business or any other branch of the real estate business then conducted by the party of the first part in the territory referred to hereinbefore in paragraph 4, either as broker or salesman, principal or agent, employer or employe, officer, director or otherwise, directly or indirectly for a period of one year after the due and lawful termination of this contract, or of any extensions, renewals, or continuations thereof, as in the next succeeding paragraph hereto provided. However, in the event that the party of the second part violates the provisions of this paragraph and in consequence the party of the first part finds it necessary to invoke the jurisdiction of the courts of this state or of the United States in order to enforce the provisions of this paragraph of this Agreement, then the period of one year herein referred to shall be deemed to commence on the date when the final judicial decree is entered or is finally affirmed on appeal."

On April 26th, 1932, respondent served a written notice on Garibaldi of its claimed rights under paragraph 10 of the contract and on July 21st, 1932, filed a bill in Chancery alleging the breach of contract and unfair competition. The bill prays for injunctive relief and discovery against Coffin and Garibaldi and for accounting against Coffin alone. Defendants answered denying the essential allegations of the bill and Coffin counter-claimed for money claimed to be due from respondent.

Based upon factual findings as to the alleged breaches of contract and unfair competition, a decree was entered upon final hearing restraining Coffin for a period of one year from the date of the decree from engaging in Hudson county in any branch of the real estate business of the nature conducted by respondent as of September 30th, 1931, either individually or in association with Garibaldi or any other person maintaining an office or other place of business in the county of Hudson for the conduct of any such business and with a corresponding restrain upon Garibaldi.

The decree provided also that appellants be perpetually enjoined from making use of or divulging for any purpose real estate information or data acquired by Coffin while in the employ of respondent or other confidential information or data accumulated by and the property of respondent. Additionally, Coffin is to make discovery and account for all profits, &c., received by him from the carrying on of any branch of the real estate business in Hudson county since July 27th, 1931, and Garibaldi is to make discovery and account for all profits, &c., received by or with the aid or co-operation of Coffin since July 27th, 1931. Other incidental relief in aid of accounting was ordered.

Appeal being made it is argued that the decree was erroneously entered, in that the relief granted is contrary to and does violence to the language of the contract. The point is well taken.

The nature and extent of respondent's business as indicated in the proofs bespeaks the necessity of great care in the preparation and execution of matters of contract. The contract here involved appears to have been drawn with considerable attention to detail and is similar to contracts made and entered into with a large number of other employes of respondent. It is not urged that the contract is incomplete, uncertain or indefinite in any of its terms. It must be assumed, therefore, that the parties intended to contract as they did and that the terms thereof were understood by the parties.

It is clear that under paragraph 10 of the contract, hereinabove set forth, in the first sentence thereof, Coffin agreed

that upon the termination of the contract for any cause he would not enter into the real estate business or any branch thereof in the described territory for a period of one year after the due and lawful termination of the contract. The second sentence of the paragraph provides that should Coffin violate the provisions of the paragraph and in consequence thereof respondent finds it necessary to invoke the jurisdiction of the court to enforce the same, "then the period of one year herein referred to shall be deemed to commence on the date when the final judicial decree is entered or is finally affirmed on appeal." Thus fixed, the period of one year in which Coffin was to refrain from participation in any branch of the real estate business in Hudson county has not yet commenced to run, the present issue being the appeal contemplated in the paragraph.

The equitable jurisdiction "is powerless to supply, or add to, a contract, unless the parties have invited such assistance or addition by omission expressly to define their obligations." *Goerke Kirch Co.* v. *Goerke Kirch Holding Co., 118 N. J. Eq. 1, 6.*

"The parties themselves fixed and determined their rights, when they appended their signatures to the undisputed agreement. That agreement is not elastic; it is decisive. The rights of the parties to it still are what they then and there declared them to be: nothing more; nothing less. Equity has no power to change, alter, amend or vary the terms of that, their instrument, which is essentially legal and conceded to plainly and certainly express the views and ideas of its authors or makers. Equity cannot make an agreement for them, nor can it substitute their agreement with another; it cannot read into it, a plan not contemplated by the parties to it. Each party to the agreement evidenced his approval and consent to it with his signature. That approval or consent is an act of reason accompanied with deliberation, the mind weighing as in a balance, the good and evil on each side; and equity assumes when competent and informed men state it, they mean just what they say." *Hall* v. *Finn, 116 N. J. Eq. 34, 38; affirmed, 119 N. J. Eq. 165.* See, also, *Driver* v. *Smith, 89 N. J. Eq. 339, 359.*

It is concluded, therefore, that, within the pleadings and trial of this issue, Coffin was within his strict right in awaiting judicial decree or its final affirmance on appeal for the commencement of the period within which he is to refrain from participation in the real estate business in Hudson county. This being so, there is nothing upon which the remedial process of the law might operate. Respondent has not yet suffered a wrong under its contract.

The decree below as here modified is remanded to the Court of Chancery for further proceedings in conformity herewith.

*For affirmance*—PARKER, BODINE, HEHER, PERSKIE, WELLS, JJ. 5.

*For modification*—CASE, DONGES, PORTER, HETFIELD, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 7.